## Arthurs, Appellant, *v.* Wilson.

*Real estate—Trespass to land—Cutting timber—Estrepement—*
*Dissolution of writ—Practice, C. P.*

On a hearing of a motion to dissolve a writ of estrepement to restrain the cutting of timber on certain land, it appeared that in 1904 the plaintiff brought an action of trespass to recover damages for the removal of limestone from the land, that in that action the title to the land was made the principal issue and a verdict was recovered in favor of the defendant. The judgment was reversed by the Superior Court for misdirection in the charge, but without any decision on the merits of the controversy. The defendant was in possession during this time, and the plaintiff took no further action for about four years, until defendant began cutting timber, when the estrepement was brought. It appeared that the timber which defendant proposed to cut had only a commercial value, which would not increase or decrease within the following year or two, that it could be cut and manufactured into lumber at less expense then than at a later date because of the proximity of a mill about to be removed from the neighborhood, and that the interests of both the plaintiff and defendant would be better subserved by permitting the defendant to cut the timber, except line trees. The court dissolved the writ except as to line trees, upon the defendant's giving bond to indemnify the plaintiff against damages which he might sustain, in case title should be determined in plaintiff's favor. *Held,* no error.

Argued October 8, 1913. Appeal, No. 186, Oct. T., 1913, by plaintiff, from order of C. P. Jefferson Co., Jan. T., 1904, No. 3, dissolving writ of estrepement in case of Samuel B. Arthurs v. Alonzo M. Wilson. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Motion to dissolve writ of estrepement. REED, P. J., filed the following opinion:

This writ was obtained to restrain the cutting of timber on land the title to which is in dispute. The plaintiff brought an action of trespass in 1904 to recover damages on account of the removal by the defendants of

limestone from the land, and in this action the title to the land was made the principal issue. The issue was determined in favor of the defendants in the court below, but the judgment was reversed by the appellate court for misdirection of law in affirming, without qualification, one of the points presented for charge to the jury by the defendants, although the jury had been correctly instructed on the same question in the general charge. While the reversal of the case was required by reason of the confusing or conflicting instructions, yet the merits of the controversy were not vitally involved in the instruction to the jury about which complaint was made, and on which complaint the judgment was reversed. This reversal was made with a new venire in 1909, but the case has not since been set down for trial by the plaintiff or defendant.

On the hearing to dissolve the present writ it was not claimed that the timber which the defendants propose to cut has any except a commercial value; nor does it appear that there will be any material increase or decrease in its value within the next year or so. It does appear, however, that the timber may be cut and manufactured into lumber at this time at less expense than it can be later by reason of the location of a nearby mill on which it can be manufactured, which is about to be removed; also that the probable depreciation in value or loss will be greater by delay than by cutting it now. The defendants are in the possession of the land, and in view of the verdict of the jury heretofore rendered in the case; also the delay that has ensued since the case was reversed and remanded for trial de novo, and the further fact that the interests of both plaintiff and defendants will be better subserved and their respective rights fully secured by bonds given for any damages that may be sustained by the cutting of the timber, (Byrne v. Boyle, 37 Pa. 260,) it is my opinion this writ should be dissolved and the defendants permitted to cut the timber, except line trees, upon giving bond with approved sure-

ties in the same amount as the bond given by the plaintiff in suing out the writ.

The court granted the motion and dissolved the writ except as to trees marked to indicate the line or lines to which plaintiff and defendant respectively claimed. Plaintiff appealed.

*Error assigned* was the order of the court.

*A. L. Cole,* with him *Arthur B. Stewart* and *Charles Corbet,* for appellant.

*Raymond E. Brown,* with him *Cadmus Z. Gordon,* for appellee.

PER CURIAM, November 7, 1913:

The order appealed from is affirmed on the opinion of the learned judge of the Common Pleas.